■ BEATRICE CORVINO, Appellant, v CITY OF NEW ROCHELLE, Respondent. [638 NYS2d 691] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Fredman, J.), entered December 1, 1994, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the motion is denied.

In its papers in support of its motion for summary judgment, the defendant submitted a transcript of the plaintiff's testimony at a hearing pursuant to General Municipal Law § 50-h, wherein the plaintiff demonstrated some confusion attributable to the fact that English was not her native language. Nevertheless, she testified that she caught the toe of one of her sneakers in a crack on the sidewalk, tripped, and "went down". The defendant's Commissioner of Public Works also submitted an affidavit, stating he could find no prior written notice of the defect in compliance with New Rochelle City Charter, Article XII, § 127A (Local Laws, 1985, No. 4 of City of New Rochelle). However, annexed to the defendant's motion papers was a written "log entry" listing a defect where the accident occurred. No further explanation of the origin of the "log entry" was provided.

In opposition, the plaintiff submitted an affidavit reiterating her testimony that she tripped on a crack in the sidewalk, a photograph of the crack, and a copy of the "log entry" which the plaintiff stated was maintained by the Commissioner of Public Works of the City of New Rochelle. The defendant, in reply, made no effort to refute those allegations or explain the source of the "log entry". Thus, issues of fact have been raised which preclude the granting of summary judgment. Sullivan, J. P., Copertino, Santucci and Goldstein, JJ., concur.